IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MEAKA KNIGHT, )
)
   Plaintiff, )
)
v. ) Case No. 21-cv-3223
)
THE POINTE AT JACKSONVILLE LLC, )
)
   Defendant. )

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant The Pointe At Jacksonville LLC's Amended Motion to Dismiss under Rule 41(b) [Doc. 23].

I.    BACKGROUND

Plaintiff Meaka Knight filed a *pro se* amended complaint asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 *et seq.* (Doc. 5). Defendant moves to dismiss for lack of prosecution. (Doc. 23 at 1). In support of the motion, Defendant has attached an exhibit describing its efforts to engage with Plaintiff during discovery. (Doc. 23-1). Defendant states that on August 31, 2023, Defendant timely served Plaintiff with its Rule 26 Disclosures. (Doc. 23 at 1). On September 1, 2023, Plaintiff advised she was having computer problems and requested an additional day to serve her Rule 26 Disclosures. (*Id.*) Plaintiff did not serve her disclosures until almost six months later—on February 22 and February 29, 2024. (*Id.*) On March 12, 2024, defense counsel

informed Plaintiff that her disclosures were incomplete and deficient. (*Id.*) Plaintiff did not acknowledge the correspondence or attempt to remedy any deficiencies. (*Id.*)

On October 16, 2023, Defendant served Plaintiff with Interrogatories and Requests to Produce. (*Id.*) Defendant alleges that despite counsel's efforts to secure compliance and engage in telephone conferences at least 16 times with Plaintiff, she has never responded except to upload various documents and screenshots to a secure link in April 2024. (*Id.* at 1-2). Moreover, Plaintiff has never responded to Defendant's Requests to Admit that were served on March 19, 2024. (*Id.* at 2).

Defendant alleges dismissal under Rule 41(b) is particularly appropriate here when Plaintiff has "proffered vague, nontransparent and seemingly false excuses for the past nine months." (*Id.*) These tactics have resulted in a waste of defense counsel's time and resources while undermining the judicial process. (*Id.*)

On June 4, 2024, Defendant filed the instant amended motion to dismiss. Because Plaintiff alleged she had not received a copy of the motion, the Court on June 26, 2024, granted Plaintiff's motion to extend the response deadline, ordered Defendant to serve a copy of its motion and exhibit, and extended the deadline to July 26, 2024. (Text Order of 6/26/2024). In its motion to correct the record filed on August 9, 2024, Defendant states that on July 24, 2024, an assistant from defense counsel's law firm emailed Plaintiff Defendant's motion and amended motion and advised that hard copies would arrive the following day via Federal Express. (Doc. 28 at 1). The documents were not sent immediately after the Court's June 26 Order because defense counsel was out of the office that week and, although emails were being monitored, it was not discovered until July

24 that the documents had not been sent. (*Id.*) Plaintiff did not respond to or acknowledge receipt of the email sending the documents. (*Id.*) Defendant further states that defense counsel asked Plaintiff if she would be able to respond by the deadline of July 26 in order to determine if she wanted defense counsel to request an extension of the Court. (*Id.* at 2). Plaintiff did not respond to the email. (*Id.*) According to the proof of delivery attached to Defendant's motion to correct the record, Defendant's motion to dismiss and amended motion to dismiss were delivered to Plaintiff by FedEx on July 25, 2024, at 3:44 p.m. (Doc. 28-3).

On July 26, 2024, Plaintiff sent an email to defense counsel stating she never received Defendant's motion to dismiss and requested that copies be sent to her as soon as possible. (Doc. 28 at 2). Twelve minutes later, an employee at defense counsel's firm sent Plaintiff a response email attaching copies of the documents and advising Plaintiff that FedEx delivered copies to her the prior day. (*Id.*) Plaintiff did not respond to the email. (*Id.*)

On August 1, 2024, Plaintiff again moved for an extension of time on the basis that she had not received Defendant's motion. (Doc. 27). The Court granted the motion, extended the response deadline to September 3, 2024, and directed the Clerk to serve a copy of the relevant documents. (Text Order of 8/6/2024).

Defendant alleges that, before filing the motion on August 1, Plaintiff sent an email to counsel's office that included the motion to continue and the false claims that Defendant had not provided her with its motion and no one had responded to Plaintiff's July 26 email. (Doc. 28 at 3). The same day, an employee from defense counsel's office

responded to Plaintiff by forwarding the July 24 and July 26 emails that had sent the relevant documents and also advising her that the documents had been delivered via FedEx. (*Id.*)

Based on the foregoing, Defendant alleges Plaintiff's assertions that defense counsel did not serve her with its motion and amended motions to dismiss and that neither defense counsel nor her representative responded to her email are both false. (*Id.*) Defendant further contends Plaintiff has not responded to nor acknowledged receipt of any of the five emails sent from defense counsel dating back to July 24, 2024. (*Id.*) Furthermore, Defendant alleges it has been prejudiced by Plaintiff's dilatory tactics, which have also undermined the judicial process. (*Id.* at 4).

## II.  DISCUSSION

Federal Rule of Civil Procedure 41(b) provides in part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal under Rule 41(b) is an appropriate sanction when the plaintiff's "neglect in pursuing his case was sufficiently serious to warrant dismissal." *Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017). The Seventh Circuit has stated courts should consider the following factors when evaluating a Rule 41(b) motion:

> The frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931-32 (7th Cir. 2018) (citations omitted). A court need not impose lesser sanctions before dismissing a case for lack of prosecution. *Id.* at 932 (*see also Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 562 (7th Cir. 2011) (noting that while the Seventh Circuit has recommended that courts consider other sanctions before dismissal, a warning requirement is not a "rigid rule.")). Ultimately, a court should consider "all the circumstances of the case" in deciding whether to dismiss for failure to prosecute. *McMahan*, 892 F.3d at 932.

As Defendant alleges, Plaintiff has done little to prosecute her case during the course of the last year. Moreover, Plaintiff at times has proffered excuses that do not appear to be entirely honest. After receiving Defendant's Rule 26 Disclosures on the deadline of August 31, 2023, Plaintiff emailed defense counsel the following day to advise that her Rule 26 Disclosures apparently were stuck in her email and she needed until the following day to "figure this out." After Defendant's eight unsuccessful attempts to engage with Plaintiff regarding her untimely Rule 26 Disclosures, Plaintiff nearly six months later provided a "draft" form of her disclosures on February 22 and February 29, 2024, attributing the delay to further "computer problems" and an unknown "lady" that was supposed to help her but was unavailable. Plaintiff never acknowledged or sought to correct the deficiencies associated with her Rule 26 Disclosures that were identified by defense counsel on March 12, 2024.

Defendant further notes that on January 18, 2024, Plaintiff informed defense counsel she did not respond to five of counsel's emails sent to her during December 2023 and January 2024 because she "didn't know [her email] password." In her January 18,

2024 email, Plaintiff appeared to suggest that the parties schedule a call to discuss her discovery issues; however, when defense counsel immediately responded with a suggested date and time for such a telephone call, Plaintiff did not reply and did not provide the overdue discovery responses or Rule 26 disclosures.

Defendant states that on February 20, 2024, Plaintiff claimed she "believed she had sent Defendant printouts of text messages on February 8 and also knew of a "lady" who could help her provide the requested information to defense counsel. Defendant further alleges that, in response to its 18 attempts to secure Plaintiff's compliance, including requests for telephone conversations (Plaintiff made herself available for only one such call), in April 2024, Plaintiff sent various documents and screenshots but has never provided Answers to Interrogatories, Responses to Requests for Production, or Answers to Requests to Admit.[1]

Defendant has not responded to Plaintiff's motion to dismiss or amended motion to dismiss filed on June 3 and 4, 2024. Plaintiff had good cause for requesting extensions of time to respond on June 18 and August 1, 2024, because according to Defendant's motion to correct the record, Plaintiff did not receive copies of the motions until she received emailed copies on July 24 and July 26 and hard copies on July 25, 2024. Plaintiff's assertion in her August 1 filing that she had not received a copy of the motion appears to

---

[1] Federal Rule of Civil Procedure 36(a)(3) provides in part: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Thus, based on Plaintiff's failure to respond, Defendant's Requests to Admit are deemed admitted by Plaintiff.

be false. On August 12, Plaintiff was directed to respond to the motion to dismiss by September 3, 2024. Plaintiff neither filed a response nor requested a further extension.

The docket report includes a Court only entry on September 13, 2024, which states that the docketing clerk spoke to the *pro se* Plaintiff who had inquired about the status of the case. Plaintiff indicated she had not received the Court's two most recent Orders. The docket entry provides that the clerk conventionally mailed copies of the August 6 and 12, 2024, Text Orders[2] and a current docket sheet to Plaintiff at a new address Plaintiff provided. Plaintiff filed a Notice of Change of Address on September 30, 2024.

Applying the factors as directed by the Seventh Circuit in *McMahan*, Plaintiff's failure to comply with discovery deadlines was widespread and almost constant between September 1, 2023, and April 2024. Plaintiff's failure to comply with her discovery deadlines has not significantly affected the Court's calendar and time other than by resolving multiple motions filed by the parties. However, Defendant has been significantly prejudiced by Plaintiff's dilatory conduct in terms of the amount of time expended by counsel and counsel's legal assistant in seeking Plaintiff's compliance with her discovery obligations so that the case could move forward. The Court lacks information to address the probable merits of the suit in large part because of Plaintiff's noncompliance with her discovery obligations.[3] The August 22, 2023 Scheduling Order

---

[2] The docket also indicates that the Text Orders were mailed to Plaintiff on the dates they were entered. There is no indication from the docket that the Text Orders were not delivered.
[3] In an Order entered on February 2, 2023, United States District Judge Sue E. Myerscough entered an Order denying Defendant's motion to dismiss under Rule 12(b)(6), concluding that under the applicable standard and "considering Plaintiff's pro se status . . . the Court finds that Plaintiff has plausibly alleged she was terminated because of her alleged disability in violation of the ADA." (Doc. 13 at 14).

set a July 15, 2024 deadline for filing dispositive motions, which likely would have shed light on the probable merits of the suit. However, that deadline was extended to October 31, 2024 due to the pending motions to dismiss. The Court does not believe there would be any "consequences of dismissal for the social objectives of the type of litigation that the suit represents," *see McMahan*, 892 F.3d at 932, because dismissal would be due to discovery violations.

### III.    CONCLUSION

The Court concludes dismissal is an appropriate sanction for Plaintiff's noncompliance with her discovery obligations, her almost total failure to communicate with defense counsel during the discovery period, and her apparent dishonesty with the Court and defense counsel concerning her receipt of documents from Defendant. For all of these reasons, Defendant The Pointe of Jacksonville's Amended Motion to Dismiss for Lack of Prosecution (Doc. 23) is GRANTED. The Clerk will terminate as moot Defendant's Motion to Dismiss for Lack of Prosecution (Doc. 22). This case is hereby Dismissed with prejudice.

ENTER: October 24, 2024

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE